[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By writ, summons and complaint, dated August 11, 1998, the plaintiffs, Lee and Barbara Wezenski, filed a Three Count Complaint against the defendant, Cornerstone Construction Services, Inc. (Cornerstone). The complaint alleged; in Count One, Breach of Express Warranty; in Count Two, Breach of Implied Warranty; and, in Count Three, Breach of Contract.
By third party complaint, dated January 12, 1999, in three counts against the third party defendant, Memphis Hardwood Flooring (Memphis), Cornerstone alleged, in Count One, Indemnity; in Count Two, Negligence; in Count Three, Breach of Contract. At the close of the Cornerstone's presentation of its evidence, the court determined that there was no evidence presented by Cornerstone to support the allegations of its third party complaint and accordingly, dismissed the third party complaint.
The balance of this memorandum refers to the issues between the plaintiff and Cornerstone.
On November 10, 1999, Cornerstone filed its Revised Answer, Set-Off and Special Defenses. By way of Set-Off, Cornerstone claims counsel fees and costs. By way of Special Defenses, Cornerstone alleges: (1) failure to mitigate damages; (2) expansion of plaintiffs claims without notice; (3) liability in third party defendant; (4) defects caused by plaintiffs (5) time limitation by agreement (6) failure to expend funds for alleged defects and (7) substantial performance. The plaintiffs replied on September 17, 1999. On November 10, 1999, Cornerstone filed a Revised Answer, Set-Off and Special Defenses, adding an eighth Special Defense, merger.
After a full trial, all parties present or represented by counsel, the court, by a preponderance of the credible, relevant, reliable and legally admissible evidence, and the reasonable, rational, logical and lawful inferences to be drawn therefrom, find, determines and rules as follows:
The plaintiffs are residents of the Town of Killingworth and own their home, at 62 Blueberry Hill Reserve, the construction of which is the subject of this suit.
Cornerstone is a Connecticut corporation engaged in development and residential construction.
On or about March 29, 1997, the plaintiffs and Cornerstone entered into a written contract for the purchase of a residential dwelling to be constructed per contract by Cornerstone. The purchase price was $300,000. CT Page 1525
On August 13, 1997, a closing was held where the plaintiffs paid the balance, including change orders, due Cornerstone and the property was transferred to the plaintiffs by warranty deed.
The essence of the plaintiffs' complaint, repeated in each count, is that upon taking possession of the premises, the plaintiffs discovered the following defects attributable to Cornerstone:
(a) roof sheathing not installed to manufacturer's instructions;
 (b) inadequate or no eaves protection against ice buildup as required by the shingles manufacture;
 (c) cracks, buckling, sagging and movement in the finished oak flooring throughout the first floor;
(d) broken subflooring beneath first floor which had not been replaced;
(e) failure to follow manufacturer's standard in installing the oak floor and the subfloor;
 (f) improper framing in the basement and improper installation of top plates between lolly columns and floor joists;
(g) improper installation of a dryer vent and failure to repair siding;
(h) leaking windows in basement and water damage to nearby framing;
 (i) substandard exterior painting and sealing of stairs with polyurethane over paint stains;
(j) broken mullion in garage, beneath master bedroom, not properly fixed;
(k) improper outside deck construction;
(1) a wet basement with slab cracking and chipping
(m) defective installation of footing drains
At trial the following issues were pursued by the plaintiffs; crack and sagging of the oak flooring, broken subflooring, failure to follow manufacturer's flooring standards, improper basement framing, improper deck construction, wet basements with cracks, missing footing drains and an uninhabitable basement. CT Page 1526
Footing Drains
The court finds that Cornerstone failed to install the footing drains entirely around the foundation as required, expressly or impliedly, by the contract between the parties. Cornerstone installed the footing drains across the front of the house and along each side ending approximately four feet short of the end of the foundation on each side. Cornerstone failed to install filter fabric as was required under the contract. The footing drains, as contemplated by the plaintiffs and by implication from a site drawing was to encircle the foundation and drain out through a single pipe to daylight.
Cornerstone argues that the foundation drains were (1) unneeded because the house was built mostly on ledge and (2) as built, the drains at each side of the house ended in broken stone or rubble which adequately provided drainage away from the house. The rubble extended past the rear of the louse at a distance from the foundation. The defendant denies that he failed to provide filter fabric is required. The court finds that he failed to do so.
The court finds that the Cornerstone breached the contract by failing to construct the footing drains in accordance with the contract. The contract contemplated that the footing drains would extend completely around the house and drain out to daylight through a single pipe.
Oak Flooring
The contract by its terms required the defendant to construct the floor and install oak flooring in accordance with industry standards. Although it would probably be more prudent to underlay the oak floor with 3/4" plywood, the use of 1/2" plywood, as here, was in accordance with the building code and industry standards.
However, Cornerstone failed to replace broken 1/2" plywood which had been damaged. Although the plaintiffs pointed out to Cornerstone the instances of damaged plywood, Cornerstone added the oak flooring without replacing the damaged plywood subflooring.
Further, Cornerstone, in the foyer and in part of the kitchen, laid the oak flooring parallel to the floor joists which resulted in weak flooring in those areas and were in violation of proper building standards.
Secondly, Cornerstone failed to adequately block the floor joists at the areas where vents were installed in the floors.
The court finds that Cornerstone breached the contract by failing to CT Page 1527 construct the floor in accordance with industry standards.
Basement Floor
The contract between the parties expressly called for the installation of a vinyl barrier under the concrete slab in the basement of the house. Cornerstone stated that a vinyl barrier was not necessary to the proper construction of a basement slab and alleges that he spoke to the plaintiffs about eliminating the vinyl and received the plaintiffs assent. The court finds that Cornerstone did not receive the plaintiffs' assent to eliminate the vinyl barrier and finds that Cornerstone breached he contract in failing to provide the barrier. The plaintiffs have applied sealant to the concrete floor.
The court also finds that the plaintiffs claim of water damage by the infiltration to be without merit. The cracks and lack of a control joist in the basement slab do not appear to have caused any appreciable damage to the floor. Further, nothing in the contract supports the plaintiffs contention that the basement was to be built to habitable condition.
Deck Piers
Although deck piers are required to be at a depth below the frost line or to rest on a ledge, Cornerstone failed to reach the ledge by approximately 6 inches in violations of the code and in breach of the contract between the parties. The plaintiffs are not making a claim for monetary damages for this breach.
The plaintiffs' other claims: (a) roof sheathing not installed to manufacturer's instructions, (b) inadequate or no eaves protection against ice buildup as required by shingles manufacturer's; (g) improper installation of dryer vent and failure to repair siding, (h) leaking windows in basement and water damage to nearby framing (i) substandard exterior painting and sealing of stain with polyurethane over painted stairs (j) broken mullion in garage beneath bedroom not properly fixed, are minor in nature.
The court finds that as far as these items are concerned Cornerstone substantially performed under the contract. The court has no evidence before it to assess any damages for these claims.
As to the damages for; (1) defective footing drains, the court awards damages in the amount of $3,500; (2) defectively installed oak flooring, including damaged 1/2" plywood, improper framing in the basement and improper installation of top plates between lolly columns and floor joists, installation of oak flooring parallel to the floor joists in the CT Page 1528 foyer and part of the kitchen, and installation of vents with defective blocking, the court awards $10,000 in damages, (3) for failure to apply a vinyl barrier under the basement concrete slab, the court awards damages in the amount of $10,000, for a total damage award of $23,500.
Counsel for the plaintiffs have provided to the court a claim for counsel fees totaling $41,675 for his services and counsel fees for the prior counsel in this matter totaling $13,078.15 for a grand total of $57,753.15, plus a claim for costs of $3,279.41.
The court is awarding damages under the third count of the plaintiffs' complaint, breach of contract.
The court denies Cornerstones claim for Set-Off. Counsel fees are provided under the contract to the prevailing party. The court construes said provision as awarding counsel fees to the plaintiff or the defendant who has been granted judgment in the case. There is no provision for counsel fees for the party who prevails in proving or disproving individual allegations of the complaint.
The court notes that the plaintiffs' claims for counsel fees $54,753.15 far exceeds the damages of $23,500 awarded by the court.
The court has few duties of a more delicate nature than that of fixing counsel fees. Hayward v. Plant, 98 Conn. 374, 382 119 A. 34 (1923). The amount of attorney's fees to be awarded rests in the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion. Ruwet-Sibley Equipment Corporation v. Stebbins,15 Conn. App. 21, (1988).
In the exercise of its discretion, the court awards the plaintiffs $30,000 in counsel fees.
Accordingly, judgment may enter for the plaintiffs on the complaint to recover of Cornerstone, $23,500 in damages, $30,000 in counsel fees and $3,279.41 in costs.
And, judgment may enter for the third party defendant dismissing Cornerstone's third party complaint.
_________________________ SPALLONE JUDGE TRIAL REFEREE